# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KAESER COMPRESSORS, INC.,

       Plaintiff,

v.                                            Case No. 09-C-521

COMPRESSOR & PUMP REPAIR SERVICES, INC.,

       Defendant.

## DECISION AND ORDER

Defendant and Counter-Plaintiff, Compressor & Pump Repair Services, Inc. ("CPR") filed an expedited motion pursuant to Civil L. R. 7(h) requesting that the Court grant it leave to file an amended answer. It asserts that it inadvertently admitted a fact in its answer that it now wishes to contest in its response to the pending motion for summary judgment. Pursuant to Rule 15(a)(2), amended pleadings are to be allowed liberally. Plaintiff Kaeser Compressors objects to the amendment, however, on the grounds that it would add a new argument that is contrary to the position CPR has taken from the very beginning of this lawsuit. Noting that discovery has closed and its fully briefed motion for summary judgment is in part predicated on the until now undisputed fact that CPR now wishes to contest, Kaeser contends the proposed amendment is untimely, prejudicial and futile.

Kaeser's complaint alleged that, "Since 1988, CPR has been a distributor of Kaeser compressors and other products pursuant to a distributorship agreement . . . [that is] still in force between the parties." (Compl., ¶ 6.) In CPR's answer to the complaint, it "admits that CPR has

been a dealer . . . since 1988 pursuant to the agreement attached to the Complaint as Exhibit A, [and] admits that the agreement attached to the Complaint as Exhibit A is still in force between the parties . . . . " (Answ., ¶ 6.) In the proposed amendment, CPR would retract that admission and assert that the agreement was terminated orally in April 2009.

Kaeser notes that not only is the proposed amendment a 180-degree about-face, but it is not supported by any evidence produced in discovery. CPR argued in its summary judgment brief that, "As confirmed by Kaeser's District Manager Mr. Olson and its former National Sales Manager Mr. Wagenknecht, Kaeser showed up at the meeting with CPR in April 2009 with the new contract and unilaterally terminated the 1988 agreement." (Dkt. # 58 at 21.) For support of this position, CPR cited the depositions of Mark Olson and Harold Wagenknecht. (Dkt. # 60, ¶ 95.) Wagenknecht, when asked if he had told CPR the existing contract was cancelled, said "I don't know" and then stated that if another employees notes indicated otherwise he might have said the contract "will be" cancelled. (Dkt. # 62, Ex. G at 155.) For his part, Olson agreed with the statement that CPR was told in April 2009 that the contract "would be cancelled." (*Id.*, Ex. O at 126.) Yet, it appears none of CPR's personnel ever claimed they were informed the contract was in fact cancelled.

Kaeser also contends that the amendment would not only introduce a new factual issue, but it would provide a new theory of relief, i.e., improper oral termination, after discovery has closed and its motion seeking summary judgment on CPR's counterclaim is fully briefed. CPR's counterclaim already alleges that Kaeser constructively terminated the agreement. (Answ. & CC ¶ 49.) To allow CPR to add the allegation that Kaeser orally cancelled the dealership at this stage of the proceedings, Kaeser argues, would be highly prejudicial. Finally, noting that the two

depositions upon which CPR relies in support of its motion were taken on December 9, 2009, and April 7, 2010, respectively, Kaeser argues the motion is also untimely.

As noted above, amendments are generally liberally allowed, and sometimes amendments are allowed late in the game to conform to the evidence produced during discovery or even trial. But here, CPR's new theory that the contract was orally cancelled is based only on a few scraps of deposition testimony that do not support the argument CPR is making. As Kaeser notes, the parties since April 2009 have certainly not behaved as though the contract were cancelled. Without more, I am satisfied that any amendment would be fruitless. It would also prejudice Kaeser by changing the nature of this case after discovery has closed and Kaeser has moved for summary judgment. Accordingly, the motion to amend is **DENIED**.

**SO ORDERED** this 1st day of September, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
