UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KAESER COMPRESSORS, INC.,

    Plaintiff,

v.                                                                                                           Case No. 09-C-521

COMPRESSOR & PUMP REPAIR SERVICES, INC.,

    Defendant.

---

**MEMORANDUM DECISION ORDERING JURY TRIAL**

---

This is an action for a declaratory judgment in which Kaeser Compressors, Inc. ("Kaeser") seeks a declaration that it has good cause to terminate its distributorship with Compressor & Pump Repair Services, Inc. ("CPR"). Following this Court's decision granting in part and denying in part Kaeser's motion for summary judgment, the issues remaining are whether CPR *is* a dealership, as defined by the Wisconsin Fair Dealership Law ("WFDL"), and whether Kaeser has good cause to terminate it. CPR made a timely demand for a jury trial, and the question has now arisen whether CPR is entitled to a jury determination of the remaining issues. Kaeser contends that CPR has no right to a jury and the matter should be tried to the Court.

It is well settled that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (*per curiam*). Under Rule 38(a) of the Federal Rules of Civil Procedure, the right to a jury trial in federal actions is preserved to the extent declared in the Seventh Amendment or otherwise provided under federal law. *International Financial Services Corp. v. Chromas Technologies*

*Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004).  CPR does not rest its demand for a jury trial on a federal statute, but contends that it is entitled to a jury trial under the Seventh Amendment.

"The Seventh Amendment limits the right to a jury trial to '[s]uits at common law, where the value in controversy shall exceed twenty dollars.'"  *Id.*  Although Rule 38(b) speaks in terms of "any issue triable of right by a jury," the courts have made clear that it is the relief sought, and not the issues raised, that determines whether a right to a jury trial exists.  If the relief sought is legal in nature, there is a right to a jury trial; if the relief sought is equitable, no such right exists.  *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Com'n*, 430 U.S. 442, 459 (1977).  Here, Kaeser seeks declaratory relief.  It seeks a declaration by the Court either that the WFDL does not govern its relationship with CPR or, alternatively, that good cause exists for it to terminate that relationship.  Thus, CPR's jury demand hinges on whether the declaratory relief Kaeser seeks is legal or equitable.

Wisconsin courts regard a claim for declaratory relief as "essentially equitable in nature."  *Belanger v. Local Div. No. 1128*, 256 Wis. 274, 278, 40 N.W.2d 504, 506 (1949).  The same is not true under federal law, however.  The United States Supreme Court has said that actions for declaratory relief are "neither legal nor equitable."  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988).  To determine whether a party has a right to a jury trial in an action for declaratory relief, one must look to the kind of suit that would have been brought if there were no declaratory judgment remedy: "If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit - an action brought by one who would have been a defendant at common law - then the parties have a right to a jury.  But if the action is the counterpart of a suit in equity, there is no such right."  *Owens-Illinois, Inc. v. Lake*

2

*Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir.1979) (adopted in *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002)).

In *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), for example, the plaintiff brought an action for declaratory relief seeking a determination that its conduct did not violate the antitrust laws and for an injunction, pending final resolution of the case, preventing the defendant from filing an antitrust action against the plaintiff. The defendant filed a counterclaim alleging antitrust violations and seeking treble damages. The defendant also requested a jury trial but the district court denied the request on the ground that the relief sought by the plaintiff was equitable, and ordered that the plaintiff's claims would be tried to the court before the defendant's counterclaim would be tried before a jury. The effect of the district court's order, the court of appeals recognized, would likely be to limit the plaintiff's right to a jury trial on the antitrust damage claim, since a finding of fact by the court in the first trial would be binding in the next under principles of collateral estoppel. The court of appeals nevertheless affirmed. The Supreme Court reversed, holding that plaintiff's claim for declaratory relief did not justify denying Beacon a jury trial of all the issues in the antitrust controversy: "[I]f Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first." 359 U.S. at 504.

Applying the same analysis here, CPR argues that Kaeser's action is nothing more than an inverted lawsuit. The key issue in the case, assuming a dealership existed, is whether CPR's behavior constitutes "good cause" for termination of the dealership under the WFDL. Typically, this issue arises when a grantor terminates an agreement and is then sued by the dealer for damages. There is no dispute that a dealer is entitled to a jury trial in an action for damages under the WFDL

3

for wrongful termination. *See Ziegler Co., Inc. v. Rexnord, Inc.*, 147 Wis. 2d 308, 320-21, 33 N.W.2d 8 (1988) ("A jury is to be the finder of fact where any material facts are disputed or where different inferences may be drawn from the facts."). "By bringing this declaratory judgment action," CPR contends, "Kaeser has merely inverted the normal WFDL lawsuit and positioned itself as a plaintiff, rather than as a defendant." (Doc. 91, CPR Br. in Supp. at 2.) CPR contends that this procedural device cannot be used to deprive it of its right to a jury trial.

Both sides cite the Seventh Circuit's decision in *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* as controlling authority. In *Marseilles* the plaintiff had sought traditional injunctive relief as well as "a declaration that the power company owed no rent [under a contract] until the canal was back in working order." 299 F.3d 647. The defendant later filed a counterclaim demanding payment of the rent, and along with the counterclaim it filed a jury demand. Rule 38 requires a demand be made within 10 days "after the service of the last pleading directed to the issue" that is triable by jury, and the district judge believed that the jury demand was late because the "issue" had been raised long before in the plaintiff's original complaint seeking a declaration that no rent was due.

The Seventh Circuit reversed. It concluded that the jury-triable issue had *not* been raised in the original declaratory claim, and thus the jury demand filed along with the counterclaim seeking payment of rent was timely. In other words, the original declaratory relief sought – a declaration that the plaintiff did not owe rent – did not trigger the ten-day period for making a jury demand because it was *not* an issue that allowed trial by jury. The court concluded that the question of whether rent was due involved the question of "whether the canal company broke its contract with the power company." *Id.* at 648. Even though that contract question was "an issue normally

4

determined by the common law of contracts rather than by some principle of equity jurisprudence," that did not mean the issue required a jury. *Id.* Instead, because the original declaratory relief sought did not include any claim for damages, it did not give rise to a jury trial right even though the "nature of the underlying dispute" was breach of contract, a legal claim.

*Marseilles* is hard to reconcile with the principles it enunciates, which is why both parties argue that it supports their respective positions. In *Marseilles* the plaintiff initially sought not only an injunction, but also declaratory relief to the effect that it owed no rent under the contract until the canal was back in working order. *Id.* at 647. Yet, the court held that the plaintiff's complaint did not trigger the 14-day period within which the defendant was required to demand a jury trial under Rule 38. Kaeser argues that if the declaratory relief sought in *Marseilles* was equitable, then the same follows as to the declaration of rights it seeks here. A declaration that one party to a contract owes the other no rent is not significantly different than a declaration that Kaeser has good cause to terminate its dealership with CPR. If the claim for declaratory relief in *Marseilles* was not an inverted lawsuit, Kaeser argues, then neither is its claim here. CPR, on the other hand, relying on *Marseilles*'s adoption of the Third Circuit's test for an inverted lawsuit set forth in *Owens-Illinois*, argues that Kaeser's action for declaratory relief clearly meets that test and thus gives rise to its right to a jury trial.

*Marseilles*, of course, is distinguishable. There, the plaintiff had brought an unquestionably equitable claim for injunctive relief, and the only question was whether the mere addition of the declaratory claim transformed the case into one for which a jury trial would be allowed. The *Marseilles* court seemed more concerned with preventing a party with equitable claims from using the declaratory judgment tactic to "wrest" a jury trial right for what was essentially an equitable

5

action. It thus concluded that the mere addition of a claim for declaratory relief to an action otherwise seeking wholly equitable relief did not give rise to a right to a jury trial. If the plaintiff in *Marseilles* had merely brought one claim seeking declaratory relief and no equitable claim, it is not clear what the result would have been. The court may well have concluded that it was an "inverted lawsuit."

The ultimate question, which *Marseilles* recognized, is whether the declaratory action is part of an "inverted lawsuit." *Id.* at 649 (quoting *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.,* 610 F.2d 1185, 1189 (3d Cir. 1979)). For example, in some cases the "natural" plaintiff (the party aggrieved) is made a defendant by virtue of the "natural" defendant's filing of a declaratory action. (Sometimes this is done in an attempt to "race" to the courthouse and secure the nominal plaintiff's forum of choice.) In such a case, the right to a jury would depend merely on the fact that the nominal plaintiff (the "true" defendant) won the race to the courthouse. Allowing defendants the ability to avoid a jury trial merely by filing a preemptive declaratory action would encourage gamesmanship and curtail important Seventh Amendment rights, and so courts recognize that in "inverted" actions the jury trial right cannot be so limited. *See, e.g., In re Lockheed Martin Corporation,* 503 F.3d 351, 360 (4th Cir. 2007) ("Lockheed cannot lose its right to a jury trial simply because National initiated the declaratory judgment action.")

The question, as both sides recognize, is what form an action like this would have taken if the declaratory judgment procedure were not available to Kaeser. Would it have been an equitable action or a legal one? Kaeser argues that this action is more akin to an equitable action to cancel or rescind a contract. It is not clear that this is so, however. Courts use the term cancellation interchangeably with rescission. *See Estate of Luster v. Allstate Ins. Co.*, 598 F.3d 903, 907 (7th

Cir. 2010) (noting that "'rescission' is the technical legal term" for cancellation). Rescission is an equitable action, true, but it is one seeking to undo or annul a legal relationship and restore the status quo. 13 AM. JUR. 2D CANCELLATION OF INSTRUMENTS § 1. For example, in *Whipp v. Iverson,* the Wisconsin Supreme Court noted that a contract could be rescinded based on fraud or even innocent misrepresentation. 43 Wis.2d 166, 171, 168 N.W.2d 201, 204 (Wis. 1969). Here, no one is attempting to claim that a contract should be rescinded, or that it is null and void because one party defrauded the other. Instead, CPR is arguing that if the contract ends on the terms Kaeser proposes, then that will be a breach of the WFDL and will give rise to damages. Asking a court to determine that one is not in breach of a statute is not the same as asking it to declare that an agreement is void.

On the other hand, Kaeser's is clearly not an inverted lawsuit in the same sense as *Beacon Theaters* or *Lockheed Martin*. In each of those cases, the defendant actually had a fully ripe legal claim against the declaratory plaintiff based on the same set of operative facts. In *Beacon Theaters*, the defendant had an antitrust treble damages claim, and in *Lockheed* the insured had a claim for breach of contract for nonpayment under the insurance policy. Here, by contrast, Kaeser has not actually terminated its relationship with CPR but is only seeking a determination of its right to do so. CPR therefore has no legal claim that is ripe. Although CPR initially filed a counterclaim for damages under the WFDL, that claim was dismissed on summary judgment. So, if the CPR jury demand is struck, it would not deprive CPR of its right to have a jury decide its damage claim; it has no damage claim.

CPR argues that this is not a case in which Kaeser would have been entitled to equitable relief in any event since it has an adequate remedy at law. Kaeser could simply terminate the relationship and assert its contention that it had good cause to do so as a defense to CPR's action

for wrongful termination. But by doing so Kaeser would run the risk, if it were later found to been wrong in its belief that good cause exists, that it would be liable for not only the damages sustained by CPR, but actual costs and attorneys fees as well. Wis. Stat. § 135.06. Is a remedy that requires a party to risk liability for substantial damages adequate? Not by today's standards. Prevention of just such harm is one of the principal purposes behind the enactment of the Declaratory Judgment Act. *See* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751, at 456-57 (3d ed. 1998) ("The remedy made available by the Declaratory Judgment Act and Rule 57 is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued . . . . It permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants.").

Still, the question remains what form the action would have taken if the declaratory judgment procedure were not available to Kaeser. In *AstenJohnson, Inc. v. Columbia Casualty Co.*, the Third Circuit provided a clear answer in the context of a dispute over insurance coverage:

> Based on these authorities, the issue posed to us is whether a declaratory judgment claim based on a contract, which would otherwise clearly be a legal claim entitling the plaintiff to a jury, becomes an equitable claim when filed in anticipation of harm but before harm has been suffered. Our answer is "no" unless special circumstances exist which indicate that a suit on the contract is likely to be inadequate when it is available. Since no such circumstances have been shown to exist, we conclude that Asten is entitled to a jury trial on its declaratory judgment claims.

562 F.3d 213, 226 (3rd Cir. 2009).

Closer to the facts of this case is *Bachman Co. v. Anthony Pinho, Inc.*, where the court held that the defendant was entitled to a jury trial in an action in which the plaintiff sought a determination, *inter alia*, that the exclusive distributorship agreement between the parties was terminable at will:

> On balance, this case falls into the category of "an inverted lawsuit." Plaintiff, which has already defended in a New Jersey court a claim by API for breach of the same contract here at issue, would apparently prefer to end the parties' relationship. Thus, plaintiff here seeks a prior determination that the contract is terminable at will before taking action to oust defendant from the sales territory. Plaintiff apparently fears that absent such a judgment, action to terminate the parties' contract might lead to another suit for breach of contract by API. In addition, plaintiff also asks the Court to determine that defendant has breached certain terms of the contract, and, therefore, that plaintiff has not breached the contract by selling its product directly to retail outlets in the designated sales area in certain instances. Finally, plaintiff seeks a declaration that defendant has breached its obligation under the contract to use its best efforts to maximize sales of plaintiff's products. In particular, plaintiff asserts that defendant has failed to properly assist and supervise its distributors, which is an additional and independent contract requirement. Such claims involve traditionally legal issues.

1993 WL 64620, *2 (E.D. Pa. March 3, 1993) (unpublished opinion).

At least to this point, Kaeser has not convinced the Court that prior to the enactment of the Declaratory Judgment Act the legal determination it seeks could have been obtained other than in a suit for damages commenced by CPR in response to its termination of the agreement. If that is the case, then CPR is entitled to a jury trial. CPR's demand for a jury trial will therefore be honored. But because the Court finds the law less than clear on the issue, the Court will also make its own findings of fact and conclusions of law based on the evidence presented at trial so that in the event it is later determined that CPR was not entitled to a jury trial, the parties will not be forced to try the case a second time.

In sum, because this is a case that would normally arise (absent the declaratory judgment statute) through a lawsuit for damages, it is an inverted lawsuit and requires a trial by jury. Kaeser's request to strike CPR's jury demand is therefore denied.

**SO ORDERED** this   18th   day of March, 2011.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge